## Approval of State Purchases

HARRINGTON ADAMS, Deputy Attorney General, and
ANNE X. ALPERN, Attorney General, December 30,
1959.—This department is in receipt of your communi-
cation with regard to Act No. 38-A, The General Ap-
propriation Act of 1959. You ask the following ques-
tions:

"1. Where a purchase is made under the authority
of Act 496 of 1959 from the aforementioned appropri-
ations without competitive bidding, will the officers of
the House and Senate be required to submit such pur-
chases to the Board of Commissioners of Public
Grounds and Buildings for approval or disapproval
as provided in Section 2409 of the Administrative
Code?

"2. Where a direct purchase of printing, stationery
or paper is made under the authority of Act 496 of
1959 from the aforementioned appropriations, are the
officers of the House and Senate required to submit
such printing, stationery and paper contracts to the
Governor, Auditor General and Treasurer, for ap-
proval, as required by Section 2410 of the Administra-
tive Code?

"3. If neither of above Sections of the Administrative Code are applicable to purchases made under these appropriations, what procedure shall the Auditor General require of the officers of the House and Senate in order to comply with Article III, Section 12, of the State Constitution?"

Sections 2 and 3 of the Act of June 24, 1919, P. L. 579, as amended by Act No. 496, approved November 9, 1959, 46 PS §§121, 122, read as follows:

"Section 2. Each member and the principal officers and employes of the Legislature shall also be entitled to receive the stationery, supplies and equipment necessary for their official use, also such printed or engraved official stationery as may be necessary for the conduct of their offices; and to carry out this provision, the chief clerks of the respective Houses are hereby authorized, when requested in writing so to do from a Senator, Member, or principal officer, of the Legislature, to requisition the Department of Property and Supplies for the official stationery herein authorized, properly printed or engraved, in such quantities as he may deem necessary. The chief clerks of each respective branch of the Legislature shall also have the authority to order such official stationery, properly printed or engraved, from the Department of Property and Supplies, as may be necessary for the use of the employes and committees of each House.

"Section 3. The chief clerks of each House shall be the custodian of all stationery, supplies and equipment and shall have authority to requisition the Department of Property and Supplies, from time to time, for such stationery, supplies and equipment as will be necessary for each House, including members, officers, employes, committee and office work.

"The purchase or rental of electric roll call and public address systems and all purchases of stationery,

supplies and other equipment for the use of either House or the members, officers, employes, committees, or office work thereof, that are paid for out of money appropriated to such House, shall be made by direct purchase by the Secretary or Chief Clerk of such House, with the approval of the speaker or president pro tempore thereof, and not through the Department of Property and Supplies, unless purchase by the department is specifically requested by such officer of the House for which the purchase is made."

Turning to your first question, your attention is directed to the provisions of the Constitution of the Commonwealth of Pennsylvania, which provides in article III, sec. 12, as follows:

"All stationery, printing, paper and fuel used in the legislative and other departments of government shall be furnished, and the printing, binding and distributing of the laws, journals, department reports, and all other printing and binding, and the repairing and furnishing the halls and rooms used for the meetings of the General Assembly and its committees, shall be performed under contract to be given to the lowest responsible bidder below such maximum prices and under such regulations as shall be prescribed by law; no member or officer of any department of the government shall be in any way interested in such contracts, and all such contracts shall be subject to the approval of the Governor, Auditor General and State Treasurer."

It is fundamental law that a provision of the Constitution cannot be repealed, amended or modified by legislative action. Therefore, the mandate of the Constitution above cited prevails, and the articles covered in said provision of the Constitution must be purchased under competitive bidding. However, the constitutional provision above cited does not cover all pur-

chases and those articles not within the constitutional provision may be purchased without competitive bidding. Since the Department of Property and Supplies is eliminated as the purchasing agent by virtue of section 3 of the Act of 1919, supra, we are of the opinion that those purchases not covered by the constitutional provision need not be submitted to the Board of Commissioners of Public Grounds and Buildings.

With regard to your second question, we call your attention to article III, sec. 12, of the Constitution and the decision of the Supreme Court of Pennsylvania in the case of Kuhn v. Commonwealth, 291 Pa. 497 (1928), wherein it was decided that without the approval of the Governor, the Auditor General and the State Treasurer, any contract relating to State printing is invalid.

We are therefore of the opinion and you are accordingly advised that all contracts for printing, stationery or paper made under the authority of the Act of June 24, 1919, P. L. 579, as amended, must be made in compliance with the provisions of article III, sec. 12, of the Constitution and section 2410 of The Administrative Code of April 9, 1929, P. L. 177, 71 PS §640, both of which provide for the approval of the Governor, the Auditor General and the State Treasurer.

As to your third question, the procedures for compliance with article III, sec. 12, of the Constitution are set forth in The Administrative Code of 1929 and should be followed if the Department of Property and Supplies is specifically requested to act as the agent of the General Assembly. If such a request is not made, then proper procedures must be established to comply with article III, sec. 12, of the Constitution. In this connection, we call your attention to section 42 of the Act of October 2, 1959 (Act No. 428), which reads as follows:

"The Secretary of the Senate and the Chief Clerk of the House of Representatives acting jointly shall appoint one legislative printing clerk at an annual salary of six thousand dollars ($6000) who shall serve until his successor is appointed and qualified and whose duty it shall be to order upon proper requisition all printing required by the Legislature and to deliver such printing to the Legislature as it is needed. Such printing shall be performed under contract to be given to the lowest responsible bidder and the Secretary of the Senate for Senate printing and the Chief Clerk of the House of Representatives for House of Representatives printing shall have the power to enter into such contracts directly without the intervention of any State department or agency, subject however to the approval of the Governor, Auditor General and State Treasurer."

By the way of summation, we are of the opinion and you are advised:

1. The articles mentioned in article III, sec. 12, of the Constitution must be purchased by means of competitive bidding. Articles not covered by the constitutional provision need not be submitted to the Board of Commissioners of Public Grounds and Buildings.

2. All contracts for printing, stationery or paper must be made in compliance with the provisions of article III, sec. 12, of the Constitution and section 2410 of The Administrative Code of 1929, both of which require approval of the Governor, the Auditor General and the State Treasurer.

3. Procedures for compliance with article III, sec. 12, of the Constitution are set forth in The Administrative Code of 1929 insofar as the Department of Property and Supplies is concerned, and in section 42 of the Act of October 2, 1959 (Act No. 428), insofar as the General Assembly is concerned.